UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ACE AMERICAN INSURANCE COMPANY
a/s/o STEVEN and LAURIE FRIEDEL.,                    08-CV-02929 (SHS)

                          Plaintiff,                    **ANSWER**
     -against-

H.O. PENN MACHINERY COMPANY, INC.,                   **Jury Trial Demanded**

                         Defendant.
-------------------------------------------------------------------X

      The defendant, H.O. PENN MACHINERY COMPANY, INC., (hereinafter H.O. PENN), by its attorneys, LEWIS JOHS AVALLONE AVILES, LLP, answering the complaint of the plaintiff herein, alleges upon information and belief, as follows:

## PARTIES

      FIRST:   Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "1" of the plaintiff's complaint.

      SECOND: Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "2" of the plaintiff's complaint.

      THIRD:   Defendant admits the allegations contained in paragraph number "3" of the plaintiff's complaint.

## JURISDICTION

      FOURTH:   Defendant denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph number "4" of plaintiff's complaint, and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

## FACTS

      FIFTH:   Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "5" of the plaintiff's complaint, except admits that Mr. Friedel contacted and requested that H.O. Penn re-build the engine to a vessel owned by him.

SIXTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "6" of the plaintiff's complaint.

SEVENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "7" of the plaintiff's complaint.

EIGHTH: Defendant denies the allegations contained in paragraph number "8" of the plaintiff's complaint.

NINTH: Defendant denies the allegations contained in paragraph number "9" of the plaintiff's complaint.

TENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "10" of the plaintiff's complaint.

ELEVENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "11" of the plaintiff's complaint.

TWELFTH: Defendant denies the allegations contained in paragraph number "12" of the plaintiff's complaint.

THIRTEENTH: Defendant denies the allegations contained in paragraph number "13" of the plaintiff's complaint.

FOURTEENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "14" of the plaintiff's complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

FIFTEENTH: Defendant denies the allegations contained in paragraph number "15" of the plaintiff's complaint.

SIXTEENTH: Defendant denies the allegations contained in paragraph number "16" of the plaintiff's complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**
**THE DEFENDANT UPON INFORMATION AND BELIEF, ALLEGES:**

SEVENTEENTH:   If the plaintiff had been damaged as alleged in plaintiff's complaint, upon information and belief, such damages were caused, in whole or in part, or were contributed to by reason of the carelessness, negligence or want of care on the part of the plaintiff and not by any carelessness, negligence or want of care, on the part of the defendant, and if any carelessness, negligence or want of care other than that of the plaintiff caused or contributed to said alleged damages, it was the carelessness, negligence or want of care on the part of some other party or persons, contractor, sub-contractor, firm or corporation, his, its or their agents, servants or employees over whom the answering defendant had no control, and for whose carelessness, negligence or want of care defendant is not and was not responsible or liable.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**
**THE DEFENDANT UPON INFORMATION AND BELIEF, ALLEGES:**

EIGHTEENTH:   Whatever damages were sustained by the plaintiff at the time and place alleged in the complaint were in whole or in part the result of the plaintiff's own culpable conduct or of the conduct of plaintiff's subrogee, their agents, servants, employees, contractors and/or sub-contractors.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**
**THE DEFENDANT UPON INFORMATION AND BELIEF, ALLEGES:**

NINETEENTH:   If the answering defendant is found to be liable, the liability of such defendant to the plaintiff for economic loss shall not exceed the defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**
**THE DEFENDANT UPON INFORMATION AND BELIEF, ALLEGES:**

TWENTIETH:   Upon information and belief, any past or future costs and/or expenses incurred or to be incurred by the plaintiff for economic loss, has been or will with reasonable

certainty be replaced or indemnified in whole or in part from a collateral source. If any damages are recoverable against the answering defendant, the amount of such damages shall be diminished by the amount of the funds which plaintiff has received or shall receive from such collateral source.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
### THE DEFENDANT UPON INFORMATION AND BELIEF, ALLEGES:

TWENTY-FIRST: Plaintiff has failed to name all necessary and proper parties.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
### THE DEFENDANT UPON INFORMATION AND BELIEF, ALLEGES:

TWENTY-SECOND: Plaintiff has failed to mitigate its damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
### THE DEFENDANT UPON INFORMATION AND BELIEF, ALLEGES:

TWENTY-THIRD. This Honorable Court lacks subject matter jurisdiction over this answering defendant.

WHEREFORE, defendant demands judgment dismissing the plaintiff's complaint, together with the costs and disbursements of this action.

Dated: Melville, New York
       May 6, 2008

> Yours, etc.,
>
> LEWIS JOHS AVALLONE AVILES, LLP
> Attorneys for Defendant
> 425 Broad Hollow Road, Suite 400
> Melville, NY 11747
> 631.755.0101
>
> By: _____
> Jason T. Katz (4674)
> File No.: 192-1002
> jtkatz@lewisjohs.com

TO:
CASEY & BARNETT, LLC
Attorneys for Plaintiff
317 Madison Avenue, 21st Floor
New York, New York 10017

STATE OF NEW YORK)
                 ) S.S.:
COUNTY OF SUFFOLK)

JESSICA COLANGELO, being duly sworn, deposes and says:

That deponent is not a party to the within action, is over 18 years of age and resides in Oceanside, New York.

That on the 7th day of May, 2008, deponent served the within ANSWER on the attorneys below set forth representing the parties, as indicated, at the addresses shown, said addresses being designated by said attorneys for that purpose:

CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017

by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York

_____
JESSICA COLANGELO

Sworn to before me this
7th day of May, 2008

_____
LINDA LANSKY
Notary Public, State of New York
Registration No. 01LA5078604
Qualified in Nassau County
Commission Expires: 05/27/11