Gregory G. Barnett (GGB-3751)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
INSURANCE COMPANY OF NORTH AMERICA
a/s/o STEVEN and LAURIE FRIEDEL

                                      Plaintiff,

                          - against -

H.O. PENN MACHINERY COMPANY, INC.

                                  Defendant.
-----------------------------------------------------------------X

2008 Civ. 2929 (SHS) (THK)

**AMENDED COMPLAINT**



RECEIVED JUN 19 2008 U.S.D.C. S.D. N.Y. CASHIERS

Plaintiff, Insurance Company of North America (hereinafter "INA"), by its attorneys, Casey & Barnett, for its Complaint, alleges upon information and belief, as follows:

### PARTIES

1. At all material times, INA, was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 140 Broadway, 40th Floor, New York, New York 10005 and was at all material times the insurer of Steven and Laurie Friedel, owners of a 2000 56' Sea Ray.

2. At all material times, Steven and Laurie Friedel were the owners of a 2000 56' Sea Ray (hereinafter "vessel"), a recreational sporting vessel with hull identification number SERY0606F900.

3. At all material times, H.O. Penn Machinery Company, Inc. (hereinafter "H.O. Penn") was and still is a business entity duly organized and existing under the laws of the state of New York, with a place of business located at 660 Union Avenue, Holtsville, New York 11742.

## JURISDICTION

4. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

## FACTS

5. On or about June 17, 2006, Mr. Friedel contracted H.O. Penn to re-build the vessel's starboard engine.

6. After the repairs were made, the rebuilt engine was installed at the end of the 2006 season and the vessel was winterized for storage.

7. On or about May 14, 2007, the vessel sustained further damage to the starboard engine as it overheated due to leaks in the cooling system and obstructions to the various coolers.

8. These conditions should have been corrected during the engine rebuild carried out by H.O. Penn.

9. The damages sustained to the vessel were not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of breach of contract, breach of the warranty of workmanlike performance, negligence, fault, neglect and gross negligence of H.O. Penn Machinery Company, Inc.

10. At all times relevant hereto, a contract of insurance for property damage was in effect between Steven and Laurie Friedel and INA, which provided coverage for, among other things, loss or damage to the vessel.

11. Pursuant to the aforementioned contract of insurance between Steven and Laurie Friedel and INA, monies have been and will be expended on behalf of Steven and Laurie Friedel, to the detriment of INA due to the engine overheating.

12. Due to the engine overheating, the vessel and Steven and Laurie Friedel sustained damages in the amount of $125,846.86 and INA has paid the value of the insurance policy in the amount of $125,846.86 to Steven and Laurie Friedel.

13. As INA has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, INA has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendant.

14. INA brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested, as their respective interests may ultimately appear, and INA is entitled to maintain this action.

15. By reason of the foregoing, INA has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $125,846.86.

16. All and singular the matters alleged herein are true and correct. INA reserves the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE**, INA prays:

1. The Court order, adjudge and decree that defendant, H.O. Penn Machinery Company, Inc., be found liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs.

2. That this Court grants to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
     June 13, 2008
     230-28

CASEY & BARNETT, LLC
Attorneys for INA

By: _____
Gregory G. Barnett (GGB-3751)
317 Madison Avenue, 21st Floor
New York, NY 10017
(212) 286-0225

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff's *Amended Complaint* was served on the parties below via U.S. mail on June 19, 2008:

Jason T. Katz
LEWIS JOHS AVALLONE AVILES, LLP
425 Broad Hollow Road
Melville, New York 11747-4712

Dated: New York, New York
       June 19, 2008
       230-28

CASEY & BARNETT, LLC
Attorneys for INA

By: /s/ Gregory G. Barnett
Gregory G. Barnett (GGB-3751)
317 Madison Avenue, 21st Floor
New York, NY 10017
(212) 286-0225