UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

INSURANCE COMPANY OF NORTH AMERICA a/s/o STEVEN and LAURIE FRIEDEL,

Plaintiff,

-against-

H.O. PENN MACHINERY COMPANY, INC.,

Defendant.

----------------------------------------------------------------X

08-CV-02929 (SHS) (THK)

**AMENDED ANSWER**

**Jury Trial Demanded**

The defendant, H.O. PENN MACHINERY COMPANY, INC., (hereinafter H.O. PENN), by its attorneys, LEWIS JOHS AVALLONE AVILES, LLP, answering the complaint of the plaintiff herein, alleges upon information and belief, as follows:

**PARTIES**

FIRST: Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "1" of the plaintiff's complaint.

SECOND: Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "2" of the plaintiff's complaint.

THIRD: Defendant admits the allegations contained in paragraph number "3" of the plaintiff's complaint.

**JURISDICTION**

FOURTH: Defendant denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph number "4" of plaintiff's complaint, and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

**FACTS**

FIFTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "5" of the plaintiff's complaint, except admits that Mr. Friedel contacted and requested that H.O. Penn re-build the engine to a vessel owned by him.

SIXTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "6" of the plaintiff's complaint.

SEVENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "7" of the plaintiff's complaint.

EIGHTH: Defendant denies the allegations contained in paragraph number "8" of the plaintiff's complaint.

NINTH: Defendant denies the allegations contained in paragraph number "9" of the plaintiff's complaint.

TENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "10" of the plaintiff's complaint.

ELEVENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "11" of the plaintiff's complaint.

TWELFTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "12" of the plaintiff's complaint.

THIRTEENTH: Defendant denies the allegations contained in paragraph number "13" of the plaintiff's complaint.

FOURTEENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "14" of the plaintiff's complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

FIFTEENTH: Defendant denies the allegations contained in paragraph number "15" of the plaintiff's complaint.

SIXTEENTH: Defendant denies the allegations contained in paragraph number "16" of the plaintiff's complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**
**THE DEFENDANT, UPON INFORMATION AND BELIEF, ALLEGES:**

SEVENTEENTH: If the plaintiff had been damaged as alleged in plaintiff's complaint, upon information and belief, such damages were caused, in whole or in part, or were contributed to by reason of the carelessness, negligence or want of care on the part of the plaintiff and not by any carelessness, negligence or want of care, on the part of the defendant, and if any carelessness, negligence or want of care other than that of the plaintiff caused or contributed to said alleged damages, it was the carelessness, negligence or want of care on the part of some other party or persons, contractor, sub-contractor, firm or corporation, his, its or their agents, servants or employees over whom the answering defendant had no control, and for whose carelessness, negligence or want of care defendant is not and was not responsible or liable.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**
**THE DEFENDANT, UPON INFORMATION AND BELIEF, ALLEGES:**

EIGHTEENTH: Whatever damages were sustained by the plaintiff at the time and place alleged in the complaint were in whole or in part the result of the plaintiff's own culpable conduct or of the conduct of plaintiff's subrogee, their agents, servants, employees, contractors and/or sub-contractors.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**
**THE DEFENDANT, UPON INFORMATION AND BELIEF, ALLEGES:**

NINETEENTH: If the answering defendant is found to be liable, the liability of such defendant to the plaintiff for economic loss shall not exceed the defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**
**THE DEFENDANT UPON INFORMATION AND BELIEF, ALLEGES:**

TWENTIETH: Upon information and belief, any past or future costs and/or expenses incurred or to be incurred by the plaintiff for economic loss, has been or will with reasonable

certainty be replaced or indemnified in whole or in part from a collateral source. If any damages are recoverable against the answering defendant, the amount of such damages shall be diminished by the amount of the funds which plaintiff has received or shall receive from such collateral source.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**
**THE DEFENDANT UPON INFORMATION AND BELIEF, ALLEGES:**

TWENTY-FIRST: Plaintiff has failed to name all necessary and proper parties.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**
**THE DEFENDANT UPON INFORMATION AND BELIEF, ALLEGES:**

TWENTY-SECOND: Plaintiff has failed to mitigate its damages.

WHEREFORE, defendant demands judgment dismissing the plaintiff's complaint, together with the costs and disbursements of this action.

Dated: Melville, New York
June 26, 2008

Yours, etc.,

LEWIS JOHS AVALLONE AVILES, LLP
Attorneys for Defendant
425 Broad Hollow Road, Suite 400
Melville, NY 11747
631.755.0101

By: ______________________
Jason T. Katz (4674)
File No.: 192-1002
jtkatz@lewisjohs.com

TO:
CASEY & BARNETT, LLC
Attorneys for Plaintiff
317 Madison Avenue, 21st Floor
New York, New York 10017

STATE OF NEW YORK)
) S.S.:
COUNTY OF SUFFOLK)

JESSICA COLANGELO, being duly sworn, deposes and says:

That deponent is not a party to the within action, is over 18 years of age and resides in Oceanside, New York.

That on the 26th day of June, 2008, deponent served the within AMENDED ANSWER on the attorneys below set forth representing the parties, as indicated, at the addresses shown, said addresses being designated by said attorneys for that purpose:

CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017

by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York

JESSICA COLANGELO

Sworn to before me this
26th day of June, 2008

**LINDA LANSKY**
**Notary Public, State of New York**
**Registration No. 01LA5078604**
**Qualified in Nassau County**
**Commission Expires: 05/27/11**

Index No. 08 CV 02929 Year 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INSURANCE COMPANY OF NORTH AMERICAN a/s/o STEVE and LAURIE FRIEDEL,

Plaintiff,

- against -

H.P. PENN MACHINERY COMPANY, INC.

Defendant.

***AMENDED ANSWER***

LEWIS JOHS
Lewis Johs Avallone Aviles, LLP
Counsellors at Law

*Attorneys for*

*Office and Post Office Address*
425 Broad Hollow Road, Suite 400 • Melville, NY 11747
631.755.0101 • Fax 631.755.0117
FILE #:________________

**CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. § 130-1.1a**

The undersigned hereby certifies that, pursuant to 22 N.Y.C.R.R. § 130-1.1a, the contentions contained in the annexed document(s) is not frivolous nor frivolously presented

Service of a copy of the within is hereby admitted.

Dated,

Attorney(s) for

Sir: Please take notice

☐ NOTICE OF ENTRY

that the within is a *(certified)* true copy of a

duly entered in the office of the clerk of the within named court on 20

☐ NOTICE OF SETTLEMENT

that an order of which the within is a true copy will be presented for settlement to the HON. one of the judges of the within named court, at

on 20 at M

Dated,

*Yours, etc*

LEWIS JOHS
Lewis Johs Avallone Aviles, LLP
Counsellors at Law

To

*Attorneys for*