AO 441 (Rev. 5/85) Third Party Summons in a Civil Action - SDNY WEB 5/99

# United States District Court

SOUTHERN _____ **DISTRICT OF** _____ NEW YORK _____

PLAINTIFF

Insurance Company of North America
a/s/o Steven and Laurie Friedel

V. DEFENDANT AND THIRD PARTY PLAINTIFF

H.O. Penn Machinery Company, Inc.

### THIRD PARTY SUMMONS IN A CIVIL ACTION

CASE NUMBER:    08-CV-02929(SHS) (THK)

V. THIRD PARTY DEFENDANT

Superior Specialized Services, Inc.

To: (Name and Address of Third Party Defendant)

Superior Specialized Services, Inc.
10A Matincock Avenue
Port Washington, NY   11050

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this court upon

| PLAINTIFF'S ATTORNEY (name and address) | DEFENDANT AND THIRD-PARTY PLAINTIFF'S ATTORNEY (name and address) |
|---|---|
| Casey & Barnett, LLC<br>317 Madison Avenue, 21st Floor<br>New York, NY   10017 | Lewis Johs Avallone Aviles, LLP<br>425 Broad Hollow Road, Suite 400<br>Melville, NY   11747 |

an answer to the third-party complaint which is herewith served upon you within \_\_\_\_30\_\_\_\_ days after the service of this summons upon you exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the third-party complaint. There is also served upon you herewith a copy of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within Rule 9(h) Federal Rules of Civil Procedure, *and* (2) the third-party plaintiff is demanding judgment against *you* in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the third-party plaintiff

## J. MICHAEL McMAHON

JUL 0 7 2008

_____
CLERK

_Marcos Quintero_

(BY) DEPUTY CLERK

_____
DATE

American LegalNet, Inc.
www.FormsWorkflow.com

AO 441  (Rev. 5/85)  Third Party Summons in a Civil Action -SDNY  WEB 5/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me [1] | |
| NAME OF SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐   Served personally upon the third-party defendant.  Place where served: _____
_____

☐   Left copies thereof at the third-party defendant's dwelling house or usual place of abode with a person of
suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____
_____

☐   Returned unexecuted: _____
_____
_____
_____

☐   Other (specify): _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing
information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                          *Date*                                    *Signature of Server*

                                          _____
                                              *Address of Server*

(1)     As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
INSURANCE COMPANY OF NORTH AMERICA
a/s/o STEVEN and LAURIE FRIEDEL,                          08-CV-02929 (SHS) (THK)

                              Plaintiff,                 **THIRD-PARTY COMPLAINT**

          -against-

H.O. PENN MACHINERY COMPANY, INC.,

                              Defendant.
----------------------------------------------------------------X
H.O. PENN MACHINERY COMPANY, INC.,

                      Third-Party Plaintiff,

          -against-

SUPERIOR SPECIALIZED SERVICES, INC.,

                      Third-Party Defendant
----------------------------------------------------------------X

       Defendant/third-party plaintiff, H.O. PENN MACHINERY COMPANY, INC.,

(hereinafter "H.O. Penn"), by its attorneys, LEWIS JOHS AVALLONE AVILES, LLP, hereby

brings suit against the third-party defendant, SUPERIOR SPECIALIZED SERVICES, INC.,

(hereinafter "Superior") and respectfully alleges, upon information and belief, as follows:

**THE PARTIES**

       1.      That at all times hereinafter mentioned, defendant/third-party plaintiff,

H.O. Penn, is a corporation organized under the laws of the State of New York and has its

principal place of business in Poughkeepsie, Dutchess County, New York.

       2.      Upon information and belief, and at all times hereinafter mentioned,

plaintiff, INSURANCE COMPANY OF NORTH AMERICA, is a foreign corporation with an

office and place of business in the State of New York.

3.      On or about March 20, 2008, plaintiff filed a Complaint against H.O. Penn, and a copy of same is annexed hereto as **Exhibit "A".**  The answer served by H.O. Penn is annexed hereto as **Exhibit "B".**

4.      On June 19, 2008, plaintiff filed an Amended Complaint and a copy of same is annexed hereto as **Exhibit "C".** A copy of H.O. Penn's Amended Answer is annexed hereto as **Exhibit "D".**

5.      That at all times hereinafter mentioned, and upon information and belief, third-party defendant Superior is a corporation organized under the laws of the State of New York, with its principal place of business at 10A Matincock Avenue, Port Washington, New York.

6.      Upon information and belief, Steven Friedel and Laurie Friedel (hereinafter the "FRIEDELS") were the owners of a 2000 56' Sea Ray, which is described by plaintiff in their amended complaint as a "recreational sporting vessel." See Exhibit "A" at ¶2.

7.      Upon information and belief, Superior engages in activities and performs services which effect interstate commerce.

### JURISDICTION AND VENUE

8.      Plaintiff claims this Court has original jurisdiction of this action pursuant to 28 USC § 1333(1) and the General Maritime Law of the United States.

9.      Upon information and belief, Superior transacts and solicits business in this district regularly and purposefully such that it has had continuous contact with this district.

### BACKGROUND

10.      Per plaintiff's Complaint and Amended Complaint, H.O. Penn, at FREIDELS' request, re-built the engine to their vessel in or about June 2006. See Exhibit "A" at

¶5.

11.    It is further alleged that the re-built engine was then installed and the vessel was thereafter "winterized for storage." See Exhibit "A" at ¶6.

12.    Upon information and belief, Superior winterized the vessel in or about the fall of 2006.

13.    Plaintiff's claim that after the engine was re-built and after the vessel was winterized, the vessel sustained further damage, allegedly due to leaks in the cooling system and obstructions to various coolers.

14.    Plaintiff's Complaint and Amended Complaint alleges, among other things, that damages were sustained by the plaintiff as a result of the alleged negligence of H.O. Penn.

## AS AND FOR A FIRST CAUSE OF ACTION FOR CONTRIBUTION AND/OR INDEMNIFICATION AGAINST THIRD-PARTY DEFENDANT SUPERIOR SPECIALIZED SERVICES, INC.

15.    Defendant/third-party plaintiff repeats each allegation contained in paragraphs "1" through "14" with the same force and defect as if said allegations were herein set forth at length.

16.    That if plaintiff sustained any of the alleged damages other than through the plaintiff's negligence, and if the defendant/third-party plaintiff is held liable for any portion of those damages, which they deny, those damages were caused in whole or in part by the negligence, acts and/or omissions of the third-party defendant, their agents, servants and/or employees with regard to the work, labor and/or services they provided at, to or for the FREIDELS and their vessel.

17.    In the event plaintiff recovers against defendant/third-party plaintiff for

any of the damages alleged in plaintiff's Complaint and Amended Complaint, the third-party

defendant shall be liable by way of contribution and/or indemnification to the defendant/third-

party plaintiff on the basis of apportionment of responsibility for all or part of any judgment

against defendant/third-party plaintiff in such proportion as the Court or Jury may direct.

**WHEREFORE**, defendant/third-party plaintiff demands judgment over and

against the third-party defendant for the amount of any verdict or judgment which shall or may be

recovered by the plaintiff against the defendant/third-party plaintiff, or in the alternative, that

they have contribution from the third-party defendant, Superior, with respect to any recovery by

the plaintiff against the defendant/third-party plaintiff, together with the costs and disbursements

of this action as well as any other relief that this honorable court may deem just and proper.

Dated: Melville, New York
      June 30, 2008

                     Jason T. Katz (4674)
                     LEWIS JOHS AVALLONE AVILES, LLP
                     Attorneys for Defendant/Third-Party Plaintiff
                     H.O. PENN MACHINERY COMPANY, INC.
                     425 Broad Hollow Road
                     Melville, New York 11747
                     (631) 755-0101
                     Fax: (631) 755-0117
                     LJAA File No.: 114-1076
                     jtkatz@lewisjohs.com

TO:    GREGORY G. BARNETT, ESQ.
        CASEY & BARNETT, LLC
        Attorneys for Plaintiff
        317 Madison Avenue, 21st Floor
        New York, New York 10017
        (212) 286-0225

        SUPERIOR SPECIALIZED SERVICES, INC.
        10a Matincock Avenue
        Port Washington, New York 11050

Exhibit A

**JUDGE BATTS**

&AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern        District of        New York

ACE AMERICAN INSURANCE COMPANY
a/s/o STEVEN and LAURIE FRIEDEL

       V.

H.O. PENN MACHINERY COMPANY, INC.

### SUMMONS IN A CIVIL ACTION

**08 CIV. 02929**

CASE NUMBER:

TO: (Name and address of Defendant)

H.O. Penn Machinery Company, Inc.
660 Union Avenue
Holtsville, New York 11742

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Gregory G. Barnett
Casey & Barnett, LLC
317 Madison Avenue, 21st Floor
New York, NY 10017

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

MAR 2 0 2008

CLERK                                   DATE

(By) DEPUTY CLERK

21-Mar-2008 09:47 AM Casey & Barnett, LLC 212-286-0261                                      3/6

JUDGE BATTS
(Gregory G. Barnett (GGB-3751)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

08 CV 02929

RECEIVED
MAR 20 2008
U.S.D.C S.D. N.Y.
2008 CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

ACE AMERICAN INSURANCE COMPANY
a/s/o STEVEN and LAURIE FRIEDEL

                              Plaintiff,                    **COMPLAINT**

             - against -

H.O. PENN MACHINERY COMPANY, INC.

                              Defendant.
----------------------------------------------------------X

Plaintiff, Ace American Insurance Company (hereinafter "ACE"), by its attorneys, Casey &

Barnett, for its Complaint, alleges upon information and belief, as follows:

**PARTIES**

1.    At all material times, ACE, was and is a corporation organized and existing by

virtue of the laws of a foreign state with an office and place of business located at 140

Broadway, 40th Floor, New York, New York 10005 and was at all material times the insurer of

Steven and Laurie Friedel, owners of a 2000 56' Sea Ray.

2.    At all material times, Steven and Laurie Friedel were the owners of a 2000 56'

Sea Ray (hereinafter "vessel"), a recreational sporting vessel with hull identification number

SERY0606F900.

3.    At all material times, H.O. Penn Machinery Company, Inc. (hereinafter "H.O. Penn") was and still is a business entity duly organized and existing under the laws of the state of New York, with a place of business located at 660 Union Avenue, Holtsville, New York 11742.

## JURISDICTION

4.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

## FACTS

5.    On or about June 17, 2006, Mr. Friedel contracted H.O. Penn to re-build the vessel's starboard engine.

6.    After the repairs were made, the rebuilt engine was installed at the end of the 2006 season and the vessel was winterized for storage.

7.    On or about May 14, 2007, the vessel sustained further damage to the starboard engine as it overheated due to leaks in the cooling system and obstructions to the various coolers.

8.    These conditions should have been corrected during the engine rebuild carried out by H.O. Penn.

9.    The damages sustained to the vessel were not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of breach of contract, breach of the warranty of workmanlike performance, negligence, fault, neglect and gross negligence of H.O. Penn Machinery Company, Inc.

10.    At all times relevant hereto, a contract of insurance for property damage was in effect between Steven and Laurie Friedel and ACE, which provided coverage for, among other things, loss or damage to the vessel.

2

4

11.    Pursuant to the aforementioned contract of insurance between Steven and Laurie Friedel and ACE, monies have been and will be expended on behalf of Steven and Laurie Friedel, to the detriment of ACE due to the engine overheating.

12.    Due to the engine overheating, the vessel and Steven and Laurie Friedel sustained damages in the amount of $125,846.86 and ACE has paid the value of the insurance policy in the amount of $125,846.86 to Steven and Laurie Friedel.

13.    As ACE has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, ACE has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendant.

14.    ACE brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested, as their respective interests may ultimately appear, and ACE is entitled to maintain this action.

15.    By reason of the foregoing, ACE has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $125,846.86.

16.    All and singular the matters alleged herein are true and correct. ACE reserves the right to amend and supplement this complaint, as further facts become available.

3

WHEREFORE, ACE prays:

1.    The Court order, adjudge and decree that defendant, H.O. Penn Machinery Company, Inc., be found liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs.

2.    That this Court grants to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
        March 20, 2008
        230-28

                                        Casey & Barnett, LLC
                                        Attorneys for ACE


                        By:    _____
                               Gregory G. Barnett (GGB-3751)
                               317 Madison Avenue, 21ˢᵗ Floor
                               New York, NY 10017
                               (212) 286-0225

4

Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
ACE AMERICAN INSURANCE COMPANY
a/s/o STEVEN and LAURIE FRIEDEL,                    08-CV-02929 (SHS)

                          Plaintiff,               **ANSWER**
          -against-

H.O. PENN MACHINERY COMPANY, INC.,                 **Jury Trial Demanded**

                          Defendant.
--------------------------------------------------------------------X

The defendant, H.O. PENN MACHINERY COMPANY, INC., (hereinafter H.O. PENN),

by its attorneys, LEWIS JOHS AVALLONE AVILES, LLP, answering the complaint of the

plaintiff herein, alleges upon information and belief, as follows:

## PARTIES

FIRST:   Defendant denies having knowledge or information sufficient to form a belief as

to the allegations contained in paragraph number "1" of the plaintiff's complaint.

SECOND: Defendant denies having knowledge or information sufficient to form a belief as

to the allegations contained in paragraph number "2" of the plaintiff's complaint.

THIRD:   Defendant admits the allegations contained in paragraph number "3" of the

plaintiff's complaint.

## JURISDICTION

FOURTH:   Defendant denies knowledge or information sufficient to form a belief with

respect to the allegations contained in paragraph number "4" of plaintiff's complaint, and refers all

questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

## FACTS

FIFTH:   Defendant denies having knowledge or information sufficient to form a belief as

to the allegations contained in paragraph number "5" of the plaintiff's complaint, except admits that

Mr. Friedel contacted and requested that H.O. Penn re-build the engine to a vessel owned by him.

SIXTH:   Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "6" of the plaintiff's complaint.

SEVENTH:   Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "7" of the plaintiff's complaint.

EIGHTH:   Defendant denies the allegations contained in paragraph number "8" of the plaintiff's complaint.

NINTH:       Defendant denies the allegations contained in paragraph number "9" of the plaintiff's complaint.

TENTH:   Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "10" of the plaintiff's complaint.

ELEVENTH:   Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "11" of the plaintiff's complaint.

TWELFTH:   Defendant denies the allegations contained in paragraph number "12" of the plaintiff's complaint.

THIRTEENTH: Defendant denies the allegations contained in paragraph number "13" of the plaintiff's complaint.

FOURTEENTH:   Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "14" of the plaintiff's complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

FIFTEENTH:   Defendant denies the allegations contained in paragraph number "15" of the plaintiff's complaint.

SIXTEENTH: Defendant denies the allegations contained in paragraph number "16" of the plaintiff's complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE
### THE DEFENDANT UPON INFORMATION AND BELIEF, ALLEGES:

SEVENTEENTH:    If the plaintiff had been damaged as alleged in plaintiff's complaint, upon information and belief, such damages were caused, in whole or in part, or were contributed to by reason of the carelessness, negligence or want of care on the part of the plaintiff and not by any carelessness, negligence or want of care, on the part of the defendant, and if any carelessness, negligence or want of care other than that of the plaintiff caused or contributed to said alleged damages, it was the carelessness, negligence or want of care on the part of some other party or persons, contractor, sub-contractor, firm or corporation, his, its or their agents, servants or employees over whom the answering defendant had no control, and for whose carelessness, negligence or want of care defendant is not and was not responsible or liable.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE
### THE DEFENDANT UPON INFORMATION AND BELIEF, ALLEGES:

EIGHTEENTH:    Whatever damages were sustained by the plaintiff at the time and place alleged in the complaint were in whole or in part the result of the plaintiff's own culpable conduct or of the conduct of plaintiff's subrogee, their agents, servants, employees, contractors and/or sub-contractors.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE
### THE DEFENDANT UPON INFORMATION AND BELIEF, ALLEGES:

NINETEENTH:    If the answering defendant is found to be liable, the liability of such defendant to the plaintiff for economic loss shall not exceed the defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
### THE DEFENDANT UPON INFORMATION AND BELIEF, ALLEGES:

TWENTIETH:    Upon information and belief, any past or future costs and/or expenses incurred or to be incurred by the plaintiff for economic loss, has been or will with reasonable

certainty be replaced or indemnified in whole or in part from a collateral source. If any damages are

recoverable against the answering defendant, the amount of such damages shall be diminished by

the amount of the funds which plaintiff has received or shall receive from such collateral source.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
## THE DEFENDANT UPON INFORMATION AND BELIEF, ALLEGES:

TWENTY-FIRST: Plaintiff has failed to name all necessary and proper parties.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
## THE DEFENDANT UPON INFORMATION AND BELIEF, ALLEGES:

TWENTY-SECOND: Plaintiff has failed to mitigate its damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
## THE DEFENDANT UPON INFORMATION AND BELIEF, ALLEGES:

TWENTY-THIRD.    This Honorable Court lacks subject matter jurisdiction over this

answering defendant.

WHEREFORE, defendant demands judgment dismissing the plaintiff's complaint, together

with the costs and disbursements of this action.

Dated: Melville, New York
May 6, 2008

                                        Yours, etc.,

                                        LEWIS JOHS AVALLONE AVILES, LLP
                                        Attorneys for Defendant
                                        425 Broad Hollow Road, Suite 400
                                        Melville, NY 11747
                                        631.755.0101

                                        By: _____
                                              Jason T. Katz (4674)
                                              File No.: 192-1002
                                              jtkatz@lewisjohs.com

TO:
CASEY & BARNETT, LLC
Attorneys for Plaintiff
317 Madison Avenue, 21st Floor
New York, New York 10017

STATE OF NEW YORK)
                 ) S.S.:
COUNTY OF SUFFOLK)

      JESSICA COLANGELO, being duly sworn, deposes and says:

      That deponent is not a party to the within action, is over 18 years of age and resides in Oceanside, New York.

      That on the 7th  day of May, 2008, deponent served the within ANSWER  on the attorneys below set forth representing the parties, as indicated, at the addresses shown, said addresses being designated by said attorneys for that purpose:

CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017

by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York

*Jessica Colangelo*
JESSICA COLANGELO

Sworn to before me this
7th day of May, 2008

*Linda Lansky*
**LINDA LANSKY**
Notary Public, State of New York
Registration No. 01LA5078604
Qualified in Nassau County
Commission Expires: 05/27/11

Exhibit C

Gregory G. Barnett (GGB-3751)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
INSURANCE COMPANY OF NORTH AMERICA
a/s/o STEVEN and LAURIE FRIEDEL

                    Plaintiff,

          - against -

H.O. PENN MACHINERY COMPANY, INC.

                    Defendant.
------------------------------------------------------------X

2008 Civ. 2929 (SHS) (THK)


**AMENDED
COMPLAINT**

Plaintiff, Insurance Company of North America (hereinafter "INA"), by its attorneys, Casey & Barnett, for its Complaint, alleges upon information and belief, as follows:

## PARTIES

1.     At all material times, INA, was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 140 Broadway, 40th Floor, New York, New York 10005 and was at all material times the insurer of Steven and Laurie Friedel, owners of a 2000 56' Sea Ray.

2.     At all material times, Steven and Laurie Friedel were the owners of a 2000 56' Sea Ray (hereinafter "vessel"), a recreational sporting vessel with hull identification number SERY0606F900.

3.      At all material times, H.O. Penn Machinery Company, Inc. (hereinafter "H.O. Penn") was and still is a business entity duly organized and existing under the laws of the state of New York, with a place of business located at 660 Union Avenue, Holtsville, New York 11742.

## JURISDICTION

4.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

## FACTS

5.      On or about June 17, 2006, Mr. Friedel contracted H.O. Penn to re-build the vessel's starboard engine.

6.      After the repairs were made, the rebuilt engine was installed at the end of the 2006 season and the vessel was winterized for storage.

7.      On or about May 14, 2007, the vessel sustained further damage to the starboard engine as it overheated due to leaks in the cooling system and obstructions to the various coolers.

8.      These conditions should have been corrected during the engine rebuild carried out by H.O. Penn.

9.      The damages sustained to the vessel were not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of breach of contract, breach of the warranty of workmanlike performance, negligence, fault, neglect and gross negligence of H.O. Penn Machinery Company, Inc.

10.     At all times relevant hereto, a contract of insurance for property damage was in effect between Steven and Laurie Friedel and INA, which provided coverage for, among other things, loss or damage to the vessel.

11.    Pursuant to the aforementioned contract of insurance between Steven and Laurie Friedel and INA, monies have been and will be expended on behalf of Steven and Laurie Friedel, to the detriment of INA due to the engine overheating.

12.    Due to the engine overheating, the vessel and Steven and Laurie Friedel sustained damages in the amount of $125,846.86 and INA has paid the value of the insurance policy in the amount of $125,846.86 to Steven and Laurie Friedel.

13.    As INA has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, INA has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendant.

14.    INA brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested, as their respective interests may ultimately appear, and INA is entitled to maintain this action.

15.    By reason of the foregoing, INA has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $125,846.86.

16.    All and singular the matters alleged herein are true and correct. INA reserves the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE**, INA prays:

1. The Court order, adjudge and decree that defendant, H.O. Penn Machinery Company, Inc., be found liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs.

2. That this Court grants to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
      June 13, 2008
      230-28

                           CASEY & BARNETT, LLC
                           Attorneys for INA

By:                             
                           Gregory G. Barnett (GGB-3751)
                           317 Madison Avenue, 21st Floor
                           New York, NY 10017
                           (212) 286-0225

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff's *Amended Complaint* was served on the parties below via U.S. mail on June 19, 2008:

Jason T. Katz
LEWIS JOHS AVALLONE AVILES, LLP
425 Broad Hollow Road
Melville, New York 11747-4712

Dated: New York, New York
June 19, 2008
230-28

CASEY & BARNETT, LLC
Attorneys for INA

By: _____
Gregory G. Barnett (GGB-3751)
317 Madison Avenue, 21st Floor
New York, NY 10017
(212) 286-0225

Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
INSURANCE COMPANY OF NORTH AMERICA
a/s/o STEVEN and LAURIE FRIEDEL,                                08-CV-02929 (SHS) (THK)

                              Plaintiff,                         **AMENDED ANSWER**
           -against-

H.O. PENN MACHINERY COMPANY, INC.,                              **Jury Trial Demanded**

                              Defendant.
-------------------------------------------------------------------X

        The defendant, H.O. PENN MACHINERY COMPANY, INC., (hereinafter H.O. PENN),

by its attorneys, LEWIS JOHS AVALLONE AVILES, LLP, answering the complaint of the

plaintiff herein, alleges upon information and belief, as follows:

<h3 align="center">PARTIES</h3>

        FIRST:   Defendant denies having knowledge or information sufficient to form a belief as

to the allegations contained in paragraph number "1" of the plaintiff's complaint.

        SECOND: Defendant denies having knowledge or information sufficient to form a belief as

to the allegations contained in paragraph number "2" of the plaintiff's complaint.

        THIRD:   Defendant admits the allegations contained in paragraph number "3" of the

plaintiff's complaint.

<h3 align="center">JURISDICTION</h3>

        FOURTH:   Defendant denies knowledge or information sufficient to form a belief with

respect to the allegations contained in paragraph number "4" of plaintiff's complaint, and refers all

questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

<h3 align="center">FACTS</h3>

        FIFTH:   Defendant denies having knowledge or information sufficient to form a belief as

to the allegations contained in paragraph number "5" of the plaintiff's complaint, except admits that

Mr. Friedel contacted and requested that H.O. Penn re-build the engine to a vessel owned by him.

SIXTH:  Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "6" of the plaintiff's complaint.

SEVENTH:  Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "7" of the plaintiff's complaint.

EIGHTH:  Defendant denies the allegations contained in paragraph number "8" of the plaintiff's complaint.

NINTH:  Defendant denies the allegations contained in paragraph number "9" of the plaintiff's complaint.

TENTH:  Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "10" of the plaintiff's complaint.

ELEVENTH:  Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "11" of the plaintiff's complaint.

TWELFTH:  Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "12" of the plaintiff's complaint.

THIRTEENTH: Defendant denies the allegations contained in paragraph number "13" of the plaintiff's complaint.

FOURTEENTH:  Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "14" of the plaintiff's complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

FIFTEENTH:  Defendant denies the allegations contained in paragraph number "15" of the plaintiff's complaint.

SIXTEENTH:  Defendant denies the allegations contained in paragraph number "16" of the plaintiff's complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE
## THE DEFENDANT, UPON INFORMATION AND BELIEF, ALLEGES:

SEVENTEENTH:   If the plaintiff had been damaged as alleged in plaintiff's complaint, upon information and belief, such damages were caused, in whole or in part, or were contributed to by reason of the carelessness, negligence or want of care on the part of the plaintiff and not by any carelessness, negligence or want of care, on the part of the defendant, and if any carelessness, negligence or want of care other than that of the plaintiff caused or contributed to said alleged damages, it was the carelessness, negligence or want of care on the part of some other party or persons, contractor, sub-contractor, firm or corporation, his, its or their agents, servants or employees over whom the answering defendant had no control, and for whose carelessness, negligence or want of care defendant is not and was not responsible or liable.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE
## THE DEFENDANT, UPON INFORMATION AND BELIEF, ALLEGES:

EIGHTEENTH:   Whatever damages were sustained by the plaintiff at the time and place alleged in the complaint were in whole or in part the result of the plaintiff's own culpable conduct or of the conduct of plaintiff's subrogee, their agents, servants, employees, contractors and/or sub-contractors.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE
## THE DEFENDANT, UPON INFORMATION AND BELIEF, ALLEGES:

NINETEENTH:   If the answering defendant is found to be liable, the liability of such defendant to the plaintiff for economic loss shall not exceed the defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
## THE DEFENDANT UPON INFORMATION AND BELIEF, ALLEGES:

TWENTIETH:   Upon information and belief, any past or future costs and/or expenses incurred or to be incurred by the plaintiff for economic loss, has been or will with reasonable

certainty be replaced or indemnified in whole or in part from a collateral source. If any damages are recoverable against the answering defendant, the amount of such damages shall be diminished by the amount of the funds which plaintiff has received or shall receive from such collateral source.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
## THE DEFENDANT UPON INFORMATION AND BELIEF, ALLEGES:

TWENTY-FIRST: Plaintiff has failed to name all necessary and proper parties.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
## THE DEFENDANT UPON INFORMATION AND BELIEF, ALLEGES:

TWENTY-SECOND: Plaintiff has failed to mitigate its damages.

WHEREFORE, defendant demands judgment dismissing the plaintiff's complaint, together with the costs and disbursements of this action.

Dated: Melville, New York
      June 26, 2008

                    Yours, etc.,

                    LEWIS JOHS AVALLONE AVILES, LLP
                    Attorneys for Defendant
                    425 Broad Hollow Road, Suite 400
                    Melville, NY 11747
                    631.755.0101

                    By: _____
                          Jason T. Katz (4674)
                          File No.: 192-1002
                          jtkatz@lewisjohs.com

TO:
CASEY & BARNETT, LLC
Attorneys for Plaintiff
317 Madison Avenue, 21st Floor
New York, New York 10017

STATE OF NEW YORK)
            ) S.S.:
COUNTY OF SUFFOLK)

JESSICA COLANGELO, being duly sworn, deposes and says:

That deponent is not a party to the within action, is over 18 years of age and resides in Oceanside, New York.

That on the 26th day of June, 2008, deponent served the within AMENDED ANSWER on the attorneys below set forth representing the parties, as indicated, at the addresses shown, said addresses being designated by said attorneys for that purpose:

CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017

by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York

JESSICA COLANGELO

Sworn to before me this
26th day of June, 2008

LINDA LANSKY
Notary Public, State of New York
Registration No. 01LA5078604
Qualified in Nassau County
Commission Expires: 05/27/11

08 CV 02929

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Index No.    Year 20

INSURANCE COMPANY OF NORTH AMERICAN a/s/o STEVE and LAURIE FRIEDEL,

Plaintiff,

- against -

H.P. PENN MACHINERY COMPANY, INC.

Defendant.

## *THIRD PARTY SUMMONS AND COMPLAINT*

# LEWIS 🔲 JOHS
### Lewis Johs Avallone Aviles, LLP

Counsellors at Law

*Attorneys for*

*Office and Post Office Address*
425 Broad Hollow Road, Suite 400 • Melville, NY 11747
631.755.0101 • Fax 631.755.0117
FILE #:_____

### CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. § 130-1.1a

The undersigned hereby certifies that, pursuant to 22 N.Y.C.R.R. § 130-1.1a, the contentions contained in the annexed document(s) is not frivolous nor frivolously presented

Service of a copy of the within                                                 is hereby admitted.

Dated,

Attorney(s) for

Sir: Please take notice
☐ NOTICE OF ENTRY
that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on                        20
☐ NOTICE OF SETTLEMENT
that an order                                              of which the within is a true copy will be presented for
settlement to the HON.                                                              one of the judges
of the within named court, at
on                              20        at                    M.

Dated,

*Yours, etc.*

# LEWIS 🔲 JOHS
### Lewis Johs Avallone Aviles, LLP

Counsellors at Law

*Attorneys for*

To