UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
INSURANCE COMPANY OF NORTH AMERICA
a/s/o STEVEN and LAURIE FRIEDEL,       08-CV-02929 (SHS) (THK)

                Plaintiff,       **RESPONSE TO PLAINTIFF'S**
                                       **FIRST REQUEST FOR**
                                       **INTERROGATORIES**

      -against-

H.O. PENN MACHINERY COMPANY, INC.,

                Defendant.
-----------------------------------------------------------------X
H.O. PENN MACHINERY COMPANY, INC.,

                Third-Party Plaintiff,

      -against-

SUPERIOR SPECIALIZED SERVICES, INC.,

                Third-Party Defendant
-----------------------------------------------------------------X

## INTERROGATORIES

1. For the person responding to these interrogatories please state:

   (a) Your Name;

   (b) Affiliation or position with the Defendant;

   (c) How long in that position; and

   (d) How long affiliated with Defendant.

**ANSWER:**

    Bryan Nix, general service manager, H.O. Penn Machinery Co., Inc. The defendant objects to the remainder of this demand pursuant to Local Civil Rule 33.3. The basis for this objection is that the interrogatory propounded by the plaintiff is a contention interrogatory and is prohibited by said rule.

2.  For each affirmative defense state all factual circumstances that support your defense.

**ANSWER:**

The defendant objects to this demand pursuant to Local Civil Rule 33.3. The basis for this objection is that the interrogatory propounded by the plaintiff is a contention interrogatory and is prohibited by said rule.

3.  List the name(s), home address(es), telephone number(s), and e-mail address(es) of all current and previous employees of H.O. Penn Machinery Company, Inc. from January 1, 2006 until present.

**ANSWER:**

The defendant objects to this demand pursuant to Local Civil Rule 33.3. The basis for this objection is that the interrogatory propounded by the plaintiff is a contention interrogatory and is prohibited by said rule.

4.  Do you claim that a defect or defective condition of the vessel and/or its engines caused or contributed to plaintiff's loss, if so, please:

    (a) Give a full and complete description of any such defect or defective condition indicating size, shape, color, visibility and odor;

    (b) State the date and time in hours and minutes when you first allege any such defect or defective condition was detected;

    (c) State how such defect or defective condition affected the use or operation of the boat or was the cause or contributed to the occurrence; and

    (d) State how Plaintiff caused or contributed to the defect or defective condition.

**ANSWER:**

The defendant objects to this demand pursuant to Local Civil Rule 33.3. The basis for this objection is that the interrogatory propounded by the plaintiff is a contention interrogatory and is prohibited by said rule.

5.  Please list all facts or events which you allege contributed to or caused the engine overheat that is the subject matter of the Complaint.

**ANSWER:**

The defendant objects to this demand pursuant to Local Civil Rule 33.3. The basis for this objection is that the interrogatory propounded by the plaintiff is a contention interrogatory and is prohibited by said rule.

6. Please state the last date and time Defendant was on the vessel.

**ANSWER:**

> The defendant objects to this demand pursuant to Local Civil Rule 33.3. The basis for this objection is that the interrogatory propounded by the plaintiff is a contention interrogatory and is prohibited by said rule. Notwithstanding said objection, upon information and belief, the last employee of the defendant who was on the vessel was Clifford Tatje. Mr. Tatje is presently an employee of the defendant.

7. For each repair by H.O. Penn Machinery Company, Inc. of the subject vessel for the year prior and subsequent to the engine overheat that is the subject of the Complaint (including the day of the engine overheat) please state:

    (a) The name of the person(s) who worked on the vessel;

    (b) The dates and times they repaired the vessel's engine;

    (c) The nature of the repair and what work was done;

    (d) The certificates, schooling, experience, and training each individual that performed the repair to the vessel's engine had.

**ANSWER:**

> The defendant objects to this demand pursuant to Local Civil Rule 33.3. The basis for this objection is that the interrogatory propounded by the plaintiff is a contention interrogatory and is prohibited by said rule. Notwithstanding said objection, the names of the H.O. Penn employees who performed work to the vessel's engine were:

Robert Ferrara and Erik Abrahamsen. Both are presently employed by the defendant.

8. Please describe in complete detail the condition of the vessel's engine prior to the time of the engine overheat that is the subject matter of the Complaint.

**ANSWER:**

> The defendant objects to this demand pursuant to Local Civil Rule 33.3. The basis for this objection is that the interrogatory propounded by the plaintiff is a contention interrogatory and is prohibited by said rule.

9. Concerning the engine overheat described in the Complaint, please identify any photographs, drawings, diagrams, survey reports, engineer's reports, maps, statements, surveys and/or expert's reports that you or your representative(s) have in your possession or control.

**ANSWER:**

    The defendant does not presently possess any expert reports, survey reports, engineer's reports, maps or surveys presently in its possession or control. With respect to photographs, drawings, diagrams and statements, all of the documents in H.O. Penn's possession were provided in its initial disclosure pursuant to Rule 26.

10. If any part of the preceding Interrogatory is answered in the affirmative, for each item please:

    (a) Identify each item set forth above;

    (b) Give the name(s) and address(es) of the person(s) who made up or rendered to you each item described above;

    (c) Give the date or dates when each item was taken, if a photograph, or each inspection, report, etc. was conducted; and

    (d) If these items are put in report or narrative form, please state the date or dates of the same.

**ANSWER:**

    See paragraph "9" above.

11. Please state the names and addresses of all persons known to you who were present at any time of the Defendant's repair of the vessel's engine or who observed or witnessed all or any part of the repair.

**ANSWER:**

    The individuals who performed the repair of the vessel's engine and/or who witnessed all or any part of the repair are, upon information and belief: Michael Mockler; Mark Ostroff; Robert Ferrara; Erik Abrahamsen and Thomas Wilton. All of these individual's are presently employed by the defendant.

12. Please state the names and addresses of all witnesses, including any expert witness whom you intend to call as an expert witness at trial.

**ANSWER:**

    At this time, the defendant has not retained the services of any expert. However, the defendant reserves the right to call the witnesses disclosed in paragraph "11" above, as well as any expert witness who the defendant opts to retain.

13. If you claim that the actions or activities of any other person or persons other than the Defendant contributed to cause the incident, please state their name or names and the manner in which they contributed to cause the engine overheat.

**ANSWER:**

The defendant objects to this demand pursuant to Local Civil Rule 33.3. The basis for this objection is that the interrogatory propounded by the plaintiff is a contention interrogatory and is prohibited by said rule. Notwithstanding said objection, the defendant has commenced a third-party action against Superior Specialized Services, Inc., for contribution and indemnification.

14. Please identify the procedures followed by Defendant's mechanics in rebuilding the engine.

**ANSWER:**

The defendant objects to this demand pursuant to Local Civil Rule 33.3. The basis for this objection is that the interrogatory propounded by the plaintiff is a contention interrogatory and is prohibited by said rule.

15. Please identify the procedures taken by the Defendant's mechanic when rebuilding the engine.

**ANSWER:**

The defendant objects to this demand pursuant to Local Civil Rule 33.3. The basis for this objection is that the interrogatory propounded by the plaintiff is a contention interrogatory and is prohibited by said rule.

16. Please list all limitations, express or implied, you claim to have with respect to the claim against you.

**ANSWER:**

The defendant objects to this demand pursuant to Local Civil Rule 33.3. The basis for this objection is that the interrogatory propounded by the plaintiff is a contention interrogatory and is prohibited by said rule.

17. Please list all warranties, express or implied, you claim to have provided to Steven and Laurie Friedel for the work performed on the vessel.

**ANSWER:**

The defendant objects to this demand pursuant to Local Civil Rule 33.3. The basis for this objection is that the interrogatory propounded by the plaintiff is a contention interrogatory and is prohibited by said rule.

Dated: Melville, New York
July 28, 2008

        Yours, etc.,

        LEWIS JOHS AVALLONE AVILES, LLP
        Attorneys for Defendant
        425 Broad Hollow Road, Suite 400
        Melville, NY 11747
        631.755.0101

        By: _____
            Jason T. Katz (4674)
        File No.: 192-1002

TO:    CASEY & BARNETT, LLC
        Attorneys for Plaintiff
        317 Madison Avenue, 21st Floor
        New York, New York 10017
        212.286.0225

## VERIFICATION

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF SUFFOLK        )

Bryan Nix, being duly sworn, deposes and says, that he is the General Service Manager for H.O. Penn Machinery, Co., Inc., that he has read the foregoing Responses to Plaintiff's First Set Of Interrogatories and knows the contents thereof, and that, although not all of the information in the foregoing Responses is within his personal knowledge, he is informed and believes that said Responses are true and on such basis avers that they are true. In the event deponent discovers additional information or information indicating that any answers contained herein are incorrect, deponent reserves the right to make such additions or corrections as may be necessary.

_____
BRYAN NIX

Sworn to before me this
28th day of July, 2008

_____
NOTARY PUBLIC

JASON T. KATZ
Notary Public, State Of New York
No. 02KA4997187 Nassau
Qualified In Westchester County
Commission Expires June 1, 20 10