UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
INSURANCE COMPANY OF NORTH AMERICA
a/s/o STEVEN and LAURIE FRIEDEL,                    08-CV-02929 (SHS) (THK)

                      Plaintiff,              **DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

     -against-

H.O. PENN MACHINERY COMPANY, INC.,

                      Defendant.
----------------------------------------------------------------X
H.O. PENN MACHINERY COMPANY, INC.,

                      Third-Party Plaintiff,

     -against-

SUPERIOR SPECIALIZED SERVICES, INC.,

                      Third-Party Defendant
----------------------------------------------------------------X

        The defendant, H.O. PENN MACHINERY COMPANY, INC., (hereinafter "H.O. PENN"), by its attorneys, LEWIS JOHS AVALLONE AVILES, LLP, hereby serves the following interrogatories to Plaintiff pursuant to Federal Rule Civil Procedure Local Rule 33 and Local Rule 33.3, to which sworn answers must be provided by Plaintiff within thirty (30) days after service of same.

## INSTRUCTIONS

        1. The answer to each interrogatory shall include such knowledge or information as is within the custody, possession or control of you, including but not limited to knowledge, information and documents in the custody, control or possession of your accountants, engineer(s), consultants, attorneys or other agents. If you cannot answer an interrogatory in full,

after exercising due diligence to secure the information requested, so state and answer to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

2. Each interrogatory is to be answered separately and completely in writing under oath.

3. The full text of the interrogatory (or part thereof) to which any answer is intended to respond is to be restated immediately preceding such answer.

4. If, at any time, you ascertain that the answer given in response to any interrogatory was not true and correct when given, a statement in writing under oath consisting of the true and correct answer to such interrogatory shall be provided promptly.

5. These interrogatories are continuing in nature, such that you are under a duty to provide further knowledge and information as soon as you become aware of such further knowledge or information.

6. If you contend that the answer to any interrogatory is privileged in whole or in part, or otherwise object to any part of any interrogatory, you are directed to (a) state in detail the reasons for such objection or grounds for privilege, (b) identify each person having knowledge of the factual basis, if any, on which the privilege or objection is asserted, (c) if only part of the interrogatory is objected to respond to the remaining portion; and (d) provide a log of those items and/or documents Plaintiff claims are privileged.

## DEFINITIONS

1. The term "Plaintiff" shall mean INSURANCE COMPANY OF NORTH AMERICA a/s/o STEVEN and LAURIE FRIEDEL,, the plaintiff in the within action.

2. The term "answering defendant" shall mean defendant, H.O. PENN.

3. "Oral communications" shall include, without limitation, face to face communications and telephone conversations.

4. The term "document" shall refer to every matter in writing, including the original and all non-identical copies, whether typed, handwritten, printed or otherwise, including without limitation, each note, memorandum, letter, analysis, chart, invoice, estimate, receipt, ticket, proposal, account book, statement, draft, copy, summary, diary, order, manual, application, report, study and message, and each photograph, microfilm, tape, wire, telegram, telex, cable, computer disc, computer printout or record, and other electronic or mechanical record

5. "Person" shall refer to any individual, corporation, partnership, government agency or other identifiable entity.

6. "Identify" when used with respect to a document means describe the document in a manner sufficient for a subpoena duces tecum or a request for production, including the date, author and addressee, if any, and the present custodian of each writing and any copies thereof.

7. "Identify" or "identity" when used with respect to an individual person means to state (i) their full name and present or last known residence, (ii) their present or last known business address, and (iii) the positions and business affiliations at the time in question.

8. "Communications" means every manner of transmitting and receiving facts, information, opinion and thoughts, whether orally, by document, writing or copy thereof, or otherwise.

9. Where an interrogatory asks that plaintiff "identify" a communication or whether in response to an interrogatory it is stated that any communication was written or oral in whole or in part:

(a) If written, in whole or in part, a true copy of such writing may be attached to the

response. If a true copy of such writing is not attached, then identify that writing in accordance with the provisions of paragraph "4" above.

(b) If oral, in whole or in part, set forth in detail and in particularity (i) the date and place of each such conversation; (ii) each person present at each such conversation; (iii) whether each such conversation was in person, by telephone or otherwise; and (iv) the substance of each such conversation specifying who said what to whom. If there are any notes, memoranda, diary entries or other writing substantiating or relating in any way to any such conversation identify or set forth a true copy of each such writing

10. "Identify" or "identity", when used in reference to an alleged act, error, omission, representation, statement, duty (contractual or otherwise), breach of duty (contractual or otherwise), commission or omission of any activity, failure to perform any alleged duty, service or obligation in any manner whatsoever shall mean:

a. The date of the alleged act or omission, etc;

b. The place of the act or omission, etc; and

c. Identification of who acted on behalf of any person or entity with respect to the alleged act or omission, etc.

11. Whenever used herein, the singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including without limitation"

## INTERROGATORIES

1. Identify all persons with knowledge of the facts set forth in plaintiff's complaint, and for each such person, describe the matters about which said person has knowledge and when same was obtained.

2. Identify all documents provided to the defendant prior to the engine rebuild which occurred in 2006.

3. Identify all persons who had possession of the vessel after the engine rebuild performed by H.O. PENN.

4. Identify all persons who installed the engine after the rebuild performed by H.O. PENN in 2006.

5. Identify all persons and/or entities who "winterized" the vehicle after the rebuild performed by H.O. PENN.

6. Identify all persons who tested and/or operated the vessel after the engine rebuild performed by H.O. PENN.

7. Identify the source of information that damage to the vessel was due to "leaks in the cooling system and obstructions to the various coolers."

8. Identify any document(s) and individual(s) upon which plaintiff intends to rely to support its position that H.O. PENN breached any contract; breached any warranty; or was negligent with respect to the work performed by them prior to May 14, 2007.

9. Advise with specificity the location and origin of the damage to the vessel.

10. Identify those individuals involved in investigating the damage to the vessel.

11. Identify all individuals who met with any employee of H.O. PENN subsequent to the complained of occurrence about the damage to the vessel, and when said meeting occurred.

Dated: Melville, New York
       August 15, 2008

Yours, etc.,

LEWIS JOHS AVALLONE AVILES, LLP
Attorneys for Defendant
425 Broad Hollow Road, Suite 400
Melville, NY 11747
631.755.0101

By: _____
    Jason T. Katz (4674)
File No.: 192-1002

TO:    CASEY & BARNETT, LLC
       Attorneys for Plaintiff
       317 Madison Avenue, 21st Floor
       New York, New York 10017
       212.286.0225

STATE OF NEW YORK    )
                     : SS.:
COUNTY OF SUFFOLK    )

        JO-ANNE PETTY, being duly sworn, deposes and says:

        That deponent is not a party to this action, is over 18 years of age and resides in East Islip, New York.

        That on the 15th day of August, 2008, deponent served the within **Defendant's First Set of Interrogatories to Plaintiff** upon the attorneys in this action, at the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a post-paid, properly addressed wrapper, in a post-office official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

        CASEY & BARNETT, LLC
        Attorneys for Plaintiff
        317 Madison Avenue, 21st Floor
        New York, New York 10017

                                        JO-ANNE PETTY

Sworn to before me this

15th day of August, 2008.

MARY FRANCES ROONEY
Notary Public, State of New York
Qualified in Suffolk County
No. 4684092
Commission Expires August 31, 2010