UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
INSURANCE COMPANY OF NORTH AMERICA
a/s/o STEVEN and LAURIE FRIEDEL,                    08-CV-02929 (SHS) (THK)

                       Plaintiff,              **DEFENDANT'S FIRST
                                                    REQUEST FOR PRODUCTION
                                                    OF DOCUMENTS**

      -against-

H.O. PENN MACHINERY COMPANY, INC.,

                       Defendant.
------------------------------------------------------------------X
H.O. PENN MACHINERY COMPANY, INC.,

                       Third-Party Plaintiff,

      -against-

SUPERIOR SPECIALIZED SERVICES, INC.,

                       Third-Party Defendant
------------------------------------------------------------------X

      The defendant, H.O. PENN MACHINERY COMPANY, INC., by its attorneys, LEWIS JOHS AVALLONE AVILES, LLP, hereby serves defendant's first request for production of documents.

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

      Pursuant to Federal Rule of Civil Procedure, defendant, H.O. PENN MACHINERY COMPANY, INC., ("Defendant") requests that plaintiff, INSURANCE COMPANY OF NORTH AMERICA a/s/o STEVEN and LAURIE FRIEDEL, ("Plaintiff") produce and make available for inspection and copying the documents in Plaintiff's possession, custody, or control described below. These Requests are continuing in their nature and Plaintiff should file supplementary responses in the event that it later obtains possession or control of documents within the scope of

these Requests.

## DEFINITIONS

1. The term "Plaintiff" shall mean INSURANCE COMPANY OF NORTH AMERICA a/s/o STEVEN and LAURIE FRIEDEL, the plaintiff in the within action.

2. The term "answering defendant" shall mean defendant H.O. PENN MACHINERY COMPANY, INC.

3. "Oral communications" shall include, without limitation, face to face communications, telephone conversations and e-mail communications.

4. The term "document" shall refer to every matter in writing, including the original and all non-identical copies, whether typed, handwritten, printed or otherwise, including without limitation, each e-mail, note, memorandum, letter, analysis, chart, invoice, estimate, receipt, ticket, proposal, account book, statement, draft, copy, summary, diary, order, manual, application, report, study and message, and each photograph, microfilm, tape, wire, telegram, telex, cable, computer disc, computer printout or record, and other electronic or mechanical record

5. "Person" shall refer to any individual, corporation, partnership, government agency or other identifiable entity,

6. "Identify" when used with respect to a document means describe the document in a manner sufficient for a subpoena duces tecum or a request for production, including the date, author and addressee, if any, and the present custodian of each writing and any copies thereof.

7. "Identify" or "identity" when used with respect to an individual person means to state (i) their full name and present or last known residence, (ii) their present or last known business address, and (iii) the positions and business affiliations at the time in question.

8. "Communications" means every manner of transmitting and receiving facts, information, opinion and thoughts, whether orally, by document, writing or copy thereof, or otherwise.

9. Where an interrogatory asks that plaintiff "identify" a communication or whether in response to an interrogatory it is stated that any communication was written or oral in whole or in part:

(a) If written, in whole or in part, a true copy of such writing may be attached. If a true copy of such writing is not attached, then identify that writing in accordance with the provisions of paragraph "4" above.

(b) If oral, in whole or in part, set forth in detail and in particularity (i) the date and place of each such conversation; (ii) each person present at each such conversation; (iii) whether each such conversation was in person, by telephone or otherwise; and (iv) the substance of each such conversation specifying who said what to whom. If there are any notes, memoranda, diary entries or other writing substantiating or relating in any way to any such conversation identify or set forth a true copy of each such writing

10. "Identify" or "identity", when used in reference to an alleged act, error, omission, representation, statement, duty (contractual or otherwise), breach of duty (contractual or otherwise), commission or omission of any activity, failure to perform any alleged duty, service or obligation in any manner whatsoever shall mean:

a. The date of the alleged act or omission, etc;

b. The place of the act or omission, etc; and

c. Identification of who acted on behalf of any person or entity with respect to the alleged act or omission, etc.

11. Whenever used herein, the singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including without limitation".

## REQUESTS

1. A complete copy of all agreement(s) and/or contract(s) entered into between the plaintiff and the defendant prior to the complained of occurrence.

2. A complete copy of all agreement(s) and/or contract(s) entered into between plaintiff and Steven and Laurie Friedel ("the Friedels").

3. All documents provided by the plaintiff, the Friedels or any other entity to the defendant with respect to the engine re-build performed by H.O. Penn.

4. All documents that refer and/or relate to the cause and origin of the damages sustained to the vessel.

5. All statements made by and/or taken from any employee or representative of the defendant.

6. All documents that refer and/or relate to any damages being claimed by the plaintiff.

7. Duplicate originals of all photographs depicting the vessel both pre and post incident. The cost of duplication shall be borne by the defendant.

8. All documents prepared and/or exchanged by plaintiff and the Friedels after the complained of occurrence and which addresses the complained of occurrence.

9. A copy of any policy of insurance in effect on the date of incident and which would have afforded the Friedels insurance coverage for any damage(s) caused by or due to fire.

10. All documents submitted by the Friedels to any insurance company/carrier or insurance broker with respect to the complained of occurrence.

11. All documents which reflect payment(s) made to the Friedels by the plaintiff for any of its alleged damages following the complained of occurrence.

12. All documents evidencing maintenance and testing of the vessel subsequent to the engine rebuild performed by the defendant.

13. A complete copy of the curriculum vitae of any expert who may testify at trial on plaintiff's behalf.

14. Any reports prepared by any expert witness retained by the plaintiff.

15. All documents pertaining to the complained of occurrence that were provided to any potential expert who may testify at trial on plaintiff's behalf.

16. Any document which identifies any witness(es) to the complained of occurrence.

Dated: Melville, New York
August 15, 2008

> Yours, etc.,
>
> LEWIS JOHS AVALLONE AVILES, LLP
> Attorneys for Defendant
> 425 Broad Hollow Road, Suite 400
> Melville, NY 11747
> 631.755.0101
>
> By: _____
> Jason T. Katz (4674)
> File No.: 192-1002

TO: CASEY & BARNETT, LLC
Attorneys for Plaintiff
317 Madison Avenue, 21st Floor
New York, New York 10017
212.286.0225

STATE OF NEW YORK )
: SS.:
COUNTY OF SUFFOLK )

JO-ANNE PETTY, being duly sworn, deposes and says:

That deponent is not a party to this action, is over 18 years of age and resides in East Islip, New York.

That on the 15th day of August, 2008, deponent served the within **Defendant's First Request for Production of Documents** upon the attorneys in this action, at the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a post-paid, properly addressed wrapper, in a post-office official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

    CASEY & BARNETT, LLC
    Attorneys for Plaintiff
    317 Madison Avenue, 21st Floor
    New York, New York 10017

_____
JO-ANNE PETTY

Sworn to before me this

15th day of August, 2008.

_____
MARY FRANCES ROONEY
Notary Public, State of New York
Qualified in Suffolk County
No. 4684092
Commission Expires August 31, 2010